H. E. DANIEL & CO. v. W. H. WEAVER et al.

1. LIEN. *Furnisher.* It is not the actual use of lumber in repairs to a building by the owner that gives the furnisher a lien, but the furnishing under a contract for that use; and the lien exists whether the lumber was used or not.

2. SAME. *Same. Leasehold estate.* Such lien will attach to a leasehold estate, not only against the lessee, but also against his assignee.

FROM JEFFERSON.

Appeal from the Chancery Court at Dandridge. H. C. SMITH, Ch.

J. W. YOE for complainants.

O. C. KING for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Daniel & Co. v. Weaver.

This is a bill, filed on the 23d of May, 1879, to enforce the statutory lien given by sec. 1981a of the Code in favor of any person doing any portion of the work or "furnishing any portion of the material for the building or repairing a house," etc. Eames, in 1877, had leased of defendants Pecks a mill and miller's house for a term of eight years, and bound himself, amongst other things, to do certain repairs on the mill, race and dam. He contracted with complainants for lumber to make these repairs, and they delivered it from time to time up to the 10th July, 1878, the day before Eames died. Eames' administrator sold the lease to defendant Weaver, covenanting against any liability for workmen's or furnisher's lien, the Pecks having agreed to release Eames' estate and look to Weaver, upon a contract with him. This bill was filed by complainants and one Brown, who claimed a lien for work done, but the latter's claim was settled and the bill dismissed as to him. The chancellor refused to declare a lien in favor of the complainants, because, in his opinion, the proof failed to show that any of the lumber furnished had been actually used in repairing the mill, etc., within twelve months next before the filing of the bill, but he gave a personal judgment against the defendants Pecks and Weaver for $266.72, value of lumber furnished, from which they appealed, and complainants also appealed from the decree.

We think the evidence satisfactorily shows that complainants did, upon their contract with Eames, from time to time, up to the day before Eames'

death, deliver lumber to him at the mill, to be used in repairing the leased mill, dam and race, and that part of this lumber was delivered within less than twelve months before the filing of the bill to enforce the lien. We are of opinion, also, that it is the furnishing of the lumber for repairs that creates the lien, and that it does not depend upon the use of it by the purchaser whether the seller shall have a lien. Otherwise, by not using for a year, the owner could entirely defeat the lien of the furnisher. Such is not the proper construction of secs. 1981 and 1931*a*, and this is made more clear by the provision in sec. 1985, that the "lien shall continue for one year" "after the work is finished" in favor of the workmen, "or materials are furnished," as to the furnisher. The furnisher may, therefore, within one year after he has delivered the materials contracted for, have his remedy by attachment to enforce his lien.

The contract in this case was with Eames, the lessee of the premises, and Weaver took the lease with notice that a lien was claimed. It has been held by this court that the term owner, employed in the statute, "embraces a lessee for a term of years, and against such an interest the lien is enforceable." 1 Cold., 540.

But the Pecks are not liable personally for the amount of the bill for lumber furnished Eames, as complainants had no contract with them, and knew the nature and extent of Eames' right when they contracted with him, and they may enforce their lien against Weaver to the extent of the unexpired term

of the lease, he standing, as to it, in the shoes of Eames.

The chancellor's decree will be reversed and a decree rendered here in conformity to this opinion. The costs below incident to making the Pecks parties will be paid by the complainants. The residue of the costs below will be paid by defendant Weaver, and he and complainants will each pay one-half the costs of this court.